FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

MAY − 6 2026

K P

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:26-cr-00086 |
| | ) | |
| | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. § 371 |
| [1] GEORWIS ALEJANDRO GUERRA MATOS | ) | 18 U.S.C. § 1344 |
| [2] EDWIN ALFREDO CASTANEDA MARCANO | ) | 18 U.S.C. § 2113(b) |
| [3] ANYER LEONARDO CHACON RODRIGUEZ | ) | |
| [4] JUNIOR LUIS VERGARA SOCARRAS | ) | |

INDICTMENT

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

Introduction

1. A "jackpotting" attack is a type of cyberattack where criminals exploit vulnerabilities in Automated Teller Machines ("ATMs") of financial institutions by using malware to force the ATMs to dispense cash without debiting an account.

2. "Malware" is an abbreviated term for "malicious software." Malware refers to software programs designed to damage or do other unwanted actions on a computer system.

3. A "Raspberry Pi" or "black box" device is a small, affordable type of portable computer with its own memory, processor, and drivers. Such a device can be pre-loaded with the malware and/or have the capability to deploy malware remotely on the ATMs' computer.

4. The defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO, [3] ANYER LEONARDO CHACON RODRIGUEZ,** and **[4] JUNIOR LUIS VERGARA SOCARRAS**, and other members of the conspiracy known and unknown to the Grand Jury, have used ATM jackpotting in the United

1

States to steal funds from financial institutions in the United States. Typically, members or associates of the conspiracy would conduct surveillance, break into an ATM, and deploy malware intended to force the ATM to dispense the currency held within it.

5. Victim Bank-1, Victim Bank-2, and Victim Bank-3 (collectively the "Victim Banks") were all insured by the Federal Deposit Insurance Corporation.

6. Victim Credit Union-1, Victim Credit Union-2, Victim Credit Union-3, Victim Credit Union-4, Victim Credit Union-5, Victim Credit Union-6, Victim Credit Union-7, Victim Credit Union-8, Victim Credit Union-9, and Victim Credit Union-10 (collectively the "Victim Credit Unions") were all insured by the National Credit Union Administration Board.

7. The Victim Banks and Victim Credit Unions were all Financial Institutions as defined in Title 18, United States Code, Section 20 (collectively "the Victim Financial Institutions").

COUNT ONE
(Conspiracy to Commit Bank Fraud)

8. The factual allegations contained in Paragraphs 1 through 7 of this Indictment are re-alleged as though fully set forth herein.

Manner and Means

9. During the course of the conspiracy, ATM malware was generally deployed in multiple stages. The first stage involved installation of the hardware. Specifically, members of the conspiracy would typically gain unauthorized physical access to the ATM, connect a "Raspberry Pi" or "black box" device to the computer within the ATM, and place a wireless internet device capable of connecting the "Raspberry Pi" or "black box" to the internet. The next stage occurred when the malware was activated. Members of the conspiracy would activate the malware remotely, via the wireless internet connection. The malware would bypass the ATM's security

2

systems, effectively taking control of the ATM's operations. Finally, a member of the conspiracy would initiate the "dispense" command to the ATM. With the malware bypassing the ATM's security systems, the ATM would then dispense cash until it runs out or the process is disrupted.

10. The process described in Paragraph 9 typically involved multiple defendants working in concert to successfully complete an ATM jackpotting attack. Typically, members of the conspiracy would travel in advance before the ATM jackpotting attack to take pictures of the ATM, as well as the hardware and internal components, and to ensure that there was not a silent hood alarm on the ATM. After this surveillance had been completed, additional co-conspirators would then install the "Raspberry Pi" or "black box" device and place the wireless internet device, if needed, to deploy the malware. Once the malware was successfully deployed, other co-conspirators would go to the ATM to dispense and retrieve the cash. Roles could be fluid, and a co-conspirator could take on more than one role during a particular jackpotting attack.

11. The ATM jackpotting conspiracy described herein was very profitable for the conspiracy. Between January 2024 and March 2024, the defendants, and other members of the conspiracy known and unknown to the Grand Jury, committed or attempted to commit at least 11 ATM jackpottings of the Victim Credit Unions. Between January 2024 and March 2024, the defendants and other members of the conspiracy committed or attempted to commit at least three ATM jackpottings of the Victim Banks. The overall loss to the Victim Financial Institutions was at least approximately $445,00.00 and an additional at least approximately $50,000 was attempted. The defendants who participated in a particular jackpotting attack would typically be permitted to keep a percentage of the proceeds.

<u>Statutory Allegations</u>

12. From at least January 2024 through March 2024, in the Middle District of

3

Tennessee, the District of South Carolina, and elsewhere, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO, [3] ANYER LEONARDO CHACON RODRIGUEZ,** and **[4] JUNIOR LUIS VERGARA SOCARRAS**, and others known and unknown to the Grand Jury, did knowingly and willfully conspire, combine, confederate and agree among each other and with other persons to execute a scheme to defraud the Victim Financial Institutions, in violation of Title 18, United States Code, Section 1344(1).

In violation of Title 18, United States Code, Section 1349.

COUNT TWO
(Conspiracy to Commit Bank Burglary)

THE GRAND JURY FURTHER CHARGES:

13.    The factual allegations contained in Paragraphs 1 through 12 of this Indictment are re-alleged as though fully set forth herein.

14.    From at least January 2024 through March 2024, in the Middle District of Tennessee, the District of South Carolina, and elsewhere, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO, [3] ANYER LEONARDO CHACON RODRIGUEZ,** and **[4] JUNIOR LUIS VERGARA SOCARRAS**, and others known and unknown to the Grand Jury, knowingly conspired and agreed with each other to commit acts and offenses against the laws of the United States, namely:

a.    to take and carry away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, in violation of Title 18, United States Code, Section 2113(b).

15.    The object of the conspiracy was to be accomplished by the manner and means as

4

described in Paragraphs 9 through 14 above, which are re-alleged and incorporated as if set forth herein.

16.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Middle District of Tennessee, the District of South Carolina, and elsewhere:

a.      On or about and between January 14 and January 15, 2024, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO,** and **[4] JUNIOR LUIS VERGARA SOCARRAS,** and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-1 in Greenville, South Carolina and obtained approximately $50,000.

b.      On or about January 15, 2024, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO,** and **[4] JUNIOR LUIS VERGARA SOCARRAS.** and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-2 in Mauldin, South Carolina and obtained approximately $30,000.

c.      On or about January 20, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS,** and others known and unknown to the Grand Jury, attempted to commit a jackpotting attack at an ATM located at Victim Credit Union-3 in Nashville, Tennessee that contained approximately $50,000.

d.      On or about January 21, 2024, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO,** and **[4] JUNIOR LUIS VERGARA SOCARRAS,** and others known and

5

unknown to the Grand Jury, attempted to commit a jackpotting attack at an ATM located at Victim Credit Union-2 in Mauldin, South, Carolina.

e. On or about February 8, 2024, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS** and **[3] ANYER LEONARDO CHACON RODRIGUEZ**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-4 in Greenbrier, Tennessee and obtained approximately $75,000.

f. On or about and between February 8 and February 9, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-5 in Portland, Tennessee and obtained approximately $40,000.

g. On or about February 17, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-6 in Brentwood, Tennessee and obtained approximately $16,000.

h. On or about February 18, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-7 in Hendersonville, Tennessee and obtained approximately $40,000.

i. On or about February 19, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-8 in Nashville, Tennessee and obtained approximately $29,000.

6

j. On or about February 19, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-9 in Nashville, Tennessee and obtained approximately $50,000.

k. On or about March 2, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Credit Union-10 in Nashville, Tennessee and obtained approximately $21,000.

l. On or about March 8, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Bank-1 in Murfreesboro, Tennessee and obtained approximately $17,000.

m. On or about March 8, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Bank-2 in Murfreesboro, Tennessee and obtained approximately $43,000.

n. On or about March 9, 2024, the defendant, **[1] GEORWIS ALEJANDRO GUERRA MATOS**, and others known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at Victim Bank-3 in Nashville, Tennessee and obtained approximately $26,000.

In violation of Title 18, United States Code, Section 371.

7

FORFEITURE

17. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

18. The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

19. Upon conviction of an offense in violation of Title 18, United States Code, Section 1349, set forth in Count One of this Indictment, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO, [3] ANYER LEONARDO CHACON RODRIGUEZ, and [4] JUNIOR LUIS VERGARA SOCARRAS,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), any property, real or personal, involved in such offense and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

20. Upon conviction of an offense in violation of Title 18, United States Code, Sections 371 and 2113, set forth in Count Two of this Indictment, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO, [3] ANYER LEONARDO CHACON RODRIGUEZ, and [4] JUNIOR LUIS VERGARA SOCARRAS,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offense and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

8

21. Upon conviction of any of the offenses as alleged in this Indictment, the defendants, **[1] GEORWIS ALEJANDRO GUERRA MATOS, [2] EDWIN ALFREDO CASTANEDA MARCANO, [3] ANYER LEONARDO CHACON RODRIGUEZ,** and **[4] JUNIOR LUIS VERGARA SOCARRAS**, shall forfeit to the United States of America, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 981(a)(1)(C) via Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, or a conspiracy to commit such offense, including but limited to a money judgment of at least $445,600.

22. If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

9

A TRUE BILL

███████████████████

FOREPERSON

BRADEN H. BOUCEK
UNITED STATES ATTORNEY

KATHRYN D. RISINGER
ASSISTANT UNITED STATES ATTORNEY

KATELAN MCKENZIE DOYLE
TRIAL ATTORNEY
JOINT TASK FORCE VULCAN
DEPARTMENT OF JUSTICE

10